(Reap. Dec. 10570)

UNITRON IMPORT CORP. (WILEY) *v.* UNITED STATES

Entry No. DE–5059, etc.

(Decided July 25, 1963)

*Lawrence & Tuttle* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

WILSON, Judge: These appeals for reappraisement listed in schedule "A," attached to and made a part of this decision, have been submitted for decision upon the following stipulation of counsel for the respective parties herein:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof are limited to the merchandise shipped by the following from Japan:

> Hamasaki Bamboo Industrial
> Kajishin Shoten
> Matsumoto Trading Co., Ltd.
> Nakagawa Seiren
> Nihon Mokuren Kogyo K.K.
> Shimamura Shoten
> Tachibana Seisakusho
> Tanaka Seiren
> Umekawa Seiren Shokai

2. That the said merchandise was entered or withdrawn from Customs warehouse for consumption after the effective date of the Customs Simplification Act of 1956 and was therefore appraised under Section 402(b) of the Simplification Act of 1956, Public Law 927, 84th Congress, 2nd Session; said merchandise not being identified in the Final List published in T.D. 54521.

3. That at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the unit invoice values, net packed, or plus packing where packing is listed separately on the invoices as not being included in the unit invoice values.

4. That the appeals for reappraisement set forth in Schedule "A," as heretofore limited, are submitted on this stipulation.

On the agreed facts, I find and hold export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, to be the proper basis for the determination of the values of the merchandise, shipped by—

> Hamasaki Bamboo Industrial
> Kajishin Shoten
> Matsumoto Trading Co., Ltd.
> Nakagawa Seiren
> Nihon Mokuren Kogyo K.K.
> Shimamura Shoten
> Tachibana Seisakusho
> Tanaka Seiren
> Umekawa Seiren Shokai,

described in the invoices covered by the entries in these appeals for reappraisement, and that such values for the respective items of merchandise as hereinabove indicated were the unit invoice values, net, packed, or plus packing where packing is listed separately on the invoices as not being included in the unit invoice values. As to all other merchandise, the appeals are dismissed.

Judgment will issue accordingly.